**YUE YAN CHEN, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

**No. 09–2212–ag.**

United States Court of Appeals, Second Circuit.

Feb. 19, 2010.

Joan Xie, New York, NY, for Petitioner.

Tony West, Assistant Attorney General, Civil Division; John S. Hogan, Senior Litigation Counsel; Kiley L. Kane, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: GUIDO CALABRESI, ROBERT A. KATZMANN, and DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner, Yue Yan Chen, a native and citizen of the People's Republic of China, seeks review of a May 12, 2009, order of the BIA denying her motion to reopen her removal proceedings. *In re Yue Yan Chen,* No. A 098 889 364 (B.I.A. May 12, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1)

Here, the BIA did not abuse its discretion in denying Chen's motion to reopen because the evidence she sought to introduce, her sister's letter, was previously available and could have been presented at her merits hearing. *Id.* During that hearing, the IJ asked Chen why her sister failed to submit a letter on her behalf. Chen first replied that she had asked her

sister to write a letter but "d[id]n't know why she didn't write it," then stated that her sister "had a lot of work to do." Given such testimony, the BIA did not abuse its discretion in finding that Chen could have submitted her sister's letter at the time of her hearing. *Id.*

For the foregoing reasons, the petition for review is DENIED.